NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 19 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CLOVIS VAZ PEREIRA; ALINE DOS SANTOS MOROVA VAZ; N.V.D.S.; P.F.V.D.S.,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-3762

Agency Nos.
A220-755-460
A208-561-291
A208-561-292
A208-561-293

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 15, 2025[**]
San Francisco, California

Before: RAWLINSON and KOH, Circuit Judges, and FITZWATER, District Judge.[***]

Clovis Vaz Pereira, his wife, Aline Dos Santos Morova Vaz, and their minor

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel previously granted the parties' joint motion to submit this case on the briefs [Dkt. 28].

[***]    The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

children, N.V.D.S. and P.F.V.D.S., natives and citizens of Brazil, petition for review of a decision by the Board of Immigration Appeals ("BIA") dismissing an appeal from an order by an Immigration Judge ("IJ") denying asylum and withholding of removal,[1] and denying Petitioners' due process claims. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petitions.

1. Substantial evidence supports the agency's conclusion that any motivation to harm Petitioners Pereira and Vaz was only a result of their failure to pay their debt, and not on account of any protected ground. We review the BIA's legal conclusions de novo, and factual findings for substantial evidence, which will be upheld unless we are "compelled to conclude to the contrary." *Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019). If the petitioner has not shown any nexus whatsoever, the petitioner fails to establish persecution for both asylum and withholding of removal. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023). On appeal, Petitioners Pereira and Vaz fail to challenge the agency's finding that they lacked the requisite nexus for relief. Nonetheless, the record supports that "Sivaldo's calls and texts were consistent; he only wanted [Petitioners Pereira and Vaz] to repay the debt they owed." This sole motivation for money is insufficient to support a claim for asylum or withholding of removal.

---

[1] Petitioners concede that they waived any appeal of the IJ's denial of relief under the Convention Against Torture and the IJ's finding that they did not claim or establish past persecution.

2

*See id.* at 1019 (denying asylum and withholding of removal where the robber was "solely motivated by money").

2.      Substantial evidence supports the agency's conclusion that the minor Petitioners failed to meet their burden to demonstrate a well-founded fear of persecution. An asylum applicant bears the burden of proving a well-founded fear of persecution, which must be both subjectively genuine and objectively reasonable. *See Rusak v. Holder*, 734 F.3d 894, 896 (9th Cir. 2013). "The objective element may be established [] by the presentation of credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution. . . ." *Id*. (internal quotation marks omitted). Here, the record does not support such a finding. The agency found that it was "speculative" that the minor Petitioners would be harmed because Sivaldo was focused on obtaining money from Petitioners Pereira and Vaz, and the minor Petitioners were never physically harmed or directly threatened. Because substantial evidence supports the agency's denial of asylum, substantial evidence also supports its denial of withholding of removal. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016) ("A petitioner who fails to satisfy the lower standard of proof for asylum necessarily fails to satisfy the more stringent standard for withholding of removal.").

3.      Additionally, Petitioners claim they were deprived of due process because their merits hearing was conducted in a manner that prejudiced their case

3

and deficiencies in the hearing transcript prevented meaningful appellate review. "We ordinarily review due process challenges de novo. A due process violation occurs where (1) the proceeding was so fundamentally unfair that the [petitioner] was prevented from reasonably presenting her case, and (2) the [petitioner] demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Olea-Serefina v. Garland*, 34 F.4th 856, 866 (9th Cir. 2022) (cleaned up).

The BIA properly rejected Petitioners' due process claims. First, Petitioners allege that they could not sufficiently present their case because the IJ took over questioning and created confusion. By statute, an IJ shall "interrogate, examine, and cross-examine the [non-citizen] and any witnesses." 8 U.S.C. § 1229a(b)(1). The hearing transcript shows that the IJ's questioning was largely to clarify testimony, and that Petitioners had ample opportunity to present their case. Further, Petitioners fail to establish any prejudice as they do not identify any testimony they were prevented from giving.

Second, Petitioners argue that the IJ inappropriately prejudged their case. However, the BIA correctly found that the IJ was not biased and did not prejudge Petitioners' case, but put Petitioners on notice of their case's weaknesses. Following the direct examination of Petitioners Pereira and Vaz and the cross examination of Petitioner Vaz, but before the cross examination of Petitioner

4

Pereira, the IJ said, "Oh, I should note that at this point to give a sense of where the court is going. . . . at this point, I see this case as one of a personal dispute between essentially a farrier to repay loan and a loan debt. And at this point, I have continued issues with nexus." This type of tentative statement, announced near the end of the merits hearing, does not show bias or prejudgment that deprived Petitioners of a full and fair hearing. *Compare Colmenar v. I.N.S.*, 210 F.3d 967, 971 (9th Cir. 2000) (finding a due process violation where "[a]t the start of the hearing, the IJ indicated that he had already judged Colmenar's claim").

Finally, Petitioners argue that deficiencies in the hearing transcript prevented meaningful appellate review because there are several "indiscernible" notations in the transcript during key portions of testimony relating to their answers about the credibility and nature of the threats they received. However, Petitioners fail to establish any prejudice from the allegedly deficient transcript because Petitioners do "not point to any instances of testimony in the [June 29, 2022] hearing that, had they been properly transcribed, may have affected the outcome. . . ." *Mukulumbutu v. Barr*, 977 F.3d 924, 928 (9th Cir. 2020).[2]

**PETITIONS FOR REVIEW DENIED**.

---

[2] The temporary stay of removal remains in place until the mandate issues. *See* Dkt. Nos. 2, 9.